**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-23-00358-CR**
_____

**IN RE DAVID TOVAR**

**Original Proceeding**
**Criminal District Court of Jefferson County, Texas**
**Trial Cause No. F22-41144**

**MEMORANDUM OPINION**

Acting pro se, David Tovar filed an original application for a pre-trial writ of habeas corpus in the appellate court, and in his application, he challenged the trial court's denial of his motion seeking a reduction of his bail bond. We questioned whether we could exercise jurisdiction over his application, and in response, Tovar amended his petition and asked the Court to consider his petition as a petition for a writ of mandamus. After considering his application as a petition in accordance with his request, we conclude that Tovar has not shown he is entitled to relief.

1

In Tovar's petition, he complains that on December 6, 2022, the trial court set an excessive bail bond and that on October 23, 2023, the trial court denied his motion seeking to reduce the amount of his bail bond based on his allegation that the State's "delay [was] due to not being ready for trial within 90 days of pretrial detention." Here, Tovar asks that we require the trial court to reduce Tovar's bail to a reasonable amount and set conditions for his bail that are not unreasonable. Tovar neither suggests what would constitute a reasonable amount for his bail, nor does he suggest what constitutes reasonable conditions for bail under the circumstances of his case.

In the case that is the subject of Tovar's petition for mandamus, Trial Cause Number F22-41144, the trial court conducted a hearing on Tovar's motion to reduce his bail on October 23, 2023. Even so, we cannot tell what the basis for his motion in the trial court proceedings because Tovar failed to include the motion filed in the trial court seeking a reduction in his bond in the record he provided to this Court when he filed his petition seeking mandamus relief. Furthermore, based on the record Tovar filed with his petition, we cannot determine when Tovar was detained or when he was indicted by the grand jury.

That said, the record we have before us includes a reporter's record of the hearing the trial court conducted on the motion Tovar filed in the trial court, and in the hearing, Tovar asked the trial court to reduce the amount of his bail. The hearing begins with a statement by the trial court that the case was set for trial that day, but

2

the trial court noted that Tovar's attorney had asked for more time. Tovar's attorney agreed that he indeed needed additional time because he needed some records from a local medical healthcare facility, which the State had subpoenaed but had not yet provided to him. The record reflects the trial court told the prosecutor to obtain those records from the local facility and turn them over to defense counsel within two days.

Then, Tovar's attorney advised the trial court that he was asking that Tovar's bail bond be reduced based on the requirements of article 17.151 of the Texas Code of Criminal Procedure. The trial court asked the State whether it was ready for trial, and the prosecutor replied: "We can do it, Judge." After the trial court and Tovar's attorney briefly discussed the evidence that would likely be introduced in the trial, the prosecutor advised the trial court, "the complainant's still cooperative and ready to testify and, you know, we intend to go forward."

During the hearing, Tovar never claimed the State failed to obtain an indictment or to announce ready for trial within 90 days of the date on which Tovar was arrested or detained. As mentioned, the reporter's record reflects the State was ready for trial on October 23, 2023. That said, without a record showing when Tovar was arrested or detained, we cannot determine whether October 23, 2023, is more than 90 days from the date that he was initially arrested or detained.

The trial court ended the hearing by telling defense counsel, "If you want to reopen this for another bond hearing and bring forth necessary witnesses, I'm happy

3

to listen to them." Simply put, during the hearing, the defendant merely argued that as of the hearing he had not yet completed his preparations for the trial and that he was waiting on records the State had subpoenaed. The prosecutor was waiting on those records too, and the prosecutor represented that he would obtain those records and then disclose them within two days.

The State's duty to comply with its discovery obligations under article 39.14 is not a component of the State's readiness for trial as it relates to a defendant's rights to bail under Article 17.151 of the Code of Criminal Procedure. *Ex parte Highsmith*, 652 S.W.3d 850, 857 (Tex. App.—Austin 2022, pet. ref'd). On the mandamus record Tovar presents here, we cannot determine whether Tovar properly invoked Article 17.151, whether the State indicted Tovar within 90 days of the date Tovar was detained, or if the State wasn't ready for trial within the relevant 90-day period.

"To be entitled to mandamus relief, the relator must show there is no adequate remedy in law and that the sought-after act is ministerial in nature." *In re State ex rel. Wice*, 668 S.W.3d 662, 671 (Tex. Crim. App. 2023). To establish that an act is ministerial in nature, the relator must show "the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.* (cleaned up). Based on the trial court's ruling denying Tovar's motion and given the

4

record before us, we cannot say an abuse of discretion occurred. For that reason, Tovar's petition for mandamus is denied.

PETITION DENIED.

PER CURIAM

Submitted on February 20, 2024
Opinion Delivered February 21, 2024
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.